## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOYCE ANN WITHROW,            ) | |
|             ) | |
|        **Plaintiff,**     ) | |
|             ) | |
| **vs.**               ) | **Case No. CIV-08-1355-D** |
|             ) | |
| **MICHAEL J. ASTRUE,**     ) | |
| **Commissioner, Social Security**   ) | |
| **Administration,**         ) | |
|             ) | |
|        **Defendant.**    ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration denying her applications for disability insurance and supplemental security income benefits.  Pursuant to an order entered by United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)( B).   The Commissioner has answered and filed the administrative record. Plaintiff has briefed her position.   However, rather than addressing the merits, the Commissioner has filed a motion to reverse and remand the matter for further administrative proceedings.   Plaintiff objects to the remand in part. For the reasons stated herein, it is recommended that the Commissioner's motion be granted, and that this matter be reversed and remanded for additional administrative proceedings.

In her opening brief, Plaintiff raised the following points of error: (1) the administrative law judge failed to discuss uncontroverted and significantly probative

evidence that conflicted with his findings; (2) the administrative law judge's residual

functional capacity (RFC) assessment was legally flawed and not supported by substantial

evidence; (3) the administrative law judge erred as a matter of law in failing to properly

develop the record by considering and ordering arterial blood gas testing; and (4) the

administrative law judge erred as a matter of law in failing to provide Plaintiff (who appeared

pro se at the administrative proceeding) with an opportunity to cross-examine the vocational

expert.

In the brief in support of the motion to remand for further administrative proceedings,

the Commissioner moves the Court to remand the case pursuant to the fourth sentence of §

405(g) so that the administrative law judge can:

> further evaluate Plaintiff's mental and physical impairments during the entire
> relevant period, including the period after December 31, 2005, the date that her
> disability insured status under Title II expired. The [administrative law judge]
> should explain the reasons for his decision and discuss the evidence supporting
> his conclusions. The [administrative law judge] should further consider
> vocational issues including Plaintiff's past relevant work (PRW) and acquired
> work skills. He must also obtain supplemental evidence from a vocational
> expert (VE) to describe Plaintiff's acquired transferable skills and jobs to
> which those skills, if any, would transfer. To determine if Plaintiff's self-
> employment as a florist qualifies as relevant past work, the [administrative law
> judge] should further develop the record to include the amount of earnings
> from 1991 to 1994, a detailed description of this work, the amount of hours
> worked, gross and net earnings, business expenses, etc.

Memorandum in Support of Opposed Motion to Reverse and Remand, p. 1.

Plaintiff does not oppose a remand in general, but does object to the "limited scope"

of the proposed remand. Plaintiff's Response to Defendant's Motion to Reverse and Remand,

p. 2. She requests the Court to include specific instructions related to the four errors that she

addresses in her opening brief.  Id. at 2-4.  In particular, she asks the Court to instruct the administrative law judge to

> (1) fully and properly discuss the evidence and provide valid reasons for his or her conclusions (including but not limited to [her] RFC); (2) order arterial blood gas testing for the purposes of determining if [Plaintiff] satisfies the requirements of a listed impairment at step three (unless a program pulmonary specialist determines that such testing would pose a significant risk to her; and (3) permit [Plaintiff] or her representative an opportunity to cross-examine any witness who provides evidence in this matter.

Id. at 4 (footnote omitted).

This case is governed by 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Commissioner in social security cases. Section 405(g) specifies what actions the district court may take on review, and gives the district court only limited authority to remand a case to the agency. Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991).    First, the court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the [Commissioner's] decision: a "sentence four" remand.[1]  Second, the district court may remand without ruling on the merits if (a) for good cause, the Commissioner requests remand prior to filing his answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding. These are known as "sentence six" remands. Nguyen v. Shalala, 43 F.3d 1400, 1403 (10th Cir. 1994); 42 U.S.C. § 405(g).  The parties agree that a

---

[1]This refers to the fourth sentence of § 405(g), which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."

sentence four remand is appropriate.

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned recommends that the motion to remand of the Commissioner be granted and the matter be reversed and remanded for further administrative proceedings. The undersigned has carefully considered the parties' requests regarding the instructions to be given to the administrative law judge upon remand of this matter, and concludes that the scope of remand requested by the Commissioner is broad enough to encompass Plaintiff's claims of error.

The Commissioner requests remand for the administrative law judge to evaluate Plaintiff's mental and physical impairments during the entire relevant period, explain the reasons for his decision, and discuss the evidence supporting his conclusions. Plaintiff's request that the administrative law judge be instructed to fully and properly discuss the evidence and provide valid reasons for his conclusions is encompassed in the Commissioner's request.

With regard to Plaintiff's request for an instruction that the administrative law judge order arterial blood gas testing, the undersigned notes the  administrative law judge's pre-existing obligation "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (quoting Henrie v. United States Dep't of Health & Human Servs., 13 F. 3d 359, 360-361 (10th Cir. 1993)). The Commissioner's request for an instruction that the

administrative law judge fully evaluate Plaintiff's physical and mental impairments may result in his determination that further development of the record is required. This Court quite simply does not have the expertise, particularly at this point, to determine whether particular testing is required to meet the administrative law judge's obligation to ensure development of the record.

Finally, an instruction that the administrative law judge allow Plaintiff to question the vocational expert is unnecessary because claimants already have a right to cross-examine vocational experts as a part of procedural due process. Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir.1994); Haddock v. Apfel, 196 F.3d 1084, 1090 (10th Cir. 1999).

Accordingly, the undersigned finds that the scope of the requested remand – together with the administrative law judge's pre-existing obligations to ensure development of the record and allow cross-examination of witnesses – satisfies Plaintiff's concerns. Thus, the motion to remand of the Commissioner should be granted, and upon remand the administrative law judge should be instructed as follows:

> Further evaluate Plaintiff's mental and physical impairments during the entire relevant period, including the period after December 31, 2005, the date that her disability insured status under Title II expired; explain the reasons for his decision and discuss the evidence supporting his conclusions; further consider vocational issues including Plaintiff's past relevant work (PRW) and acquired work skills; obtain supplemental evidence from a vocational expert (VE) to describe Plaintiff's acquired transferable skills and jobs to which those skills, if any, would transfer; determine if Plaintiff's self-employment as a florist qualifies as relevant past work including further development of the record to include the amount of earnings from 1991 to 1994, a detailed description of this work, the amount of hours worked, gross and net earnings, and business expenses, etc.

Upon remand, the administrative law judge shall also comply with his duty to ensure the adequate development of the record and to allow the claimant all due process required at the hearing, including the opportunity to examine witnesses.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the Commissioner's motion for remand [Doc. No. 20] be granted because the decision of the administrative law judge decision did not employ correct legal standards and is not supported by substantial evidence. It is further recommended that the final decision of the Commissioner of Social Security Administration be reversed and that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with the instructions set forth above. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by September 23, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 3rd day of September, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE